UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| DAYNA RANELLE BURNSWORTH ) | Case No. 06-10014-SSM |
| ) | Chapter 13 |
| Debtor ) | |

**MEMORANDUM OPINION AND ORDER
DISMISSING CASE**

Before the court is the debtor's request for temporary deferment of the credit counseling requirement imposed by Section 109(h)(1) of the Bankruptcy Code. For the reasons stated, the court is unable to grant the request.

This case was commenced by the filing of voluntary chapter 13 petition on January 12, 2006. The debtor, who is proceeding *pro se*, did not file with her petition a certification that she had completed credit counseling. *See* § 109(h)(1), Bankruptcy Code. This is a requirement for cases filed on and after October 17, 2005, as a result of amendments made to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). After the clerk issued a notice to cure the deficiency, the debtor filed a pleading stating that she had not been aware prior to filing that credit counseling was mandatory, and she expressed a willingness to take the course immediately, since her purpose in filing chapter 13 was to save her home.

The court has no reason to doubt that the debtor simply made an honest mistake. The court likewise has no reason to believe that this chapter 13 case was not filed in good faith. Unfortunately, as explained in Judge St. John's recent opinion in *In re Watson*, 332 B.R. 740

1

(Bankr. E.D. Va. 2005), the statute simply does not permit the court to defer the credit counseling requirement unless, among other things, the debtor requested credit counseling prior to filing the petition and was unable to obtain it within five days.  It is regrettable that the statute gives the court no discretion to make allowance for what appears to be an honest mistake.  However, Congress clearly intended, except in specific limited circumstances, that credit counseling <u>precede</u> a bankruptcy filing precisely so that persons considering filing a bankruptcy could be informed about, and have an opportunity to consider, alternatives to bankruptcy.  It is the court's duty to apply the law as written, regardless of the extenuating circumstances.

In any event, since the debtor has not received the required counseling, she is not eligible to be a debtor, and the court has no choice except to dismiss the case.  Such dismissal will be without prejudice to the debtor's right to file another case after obtaining the required counseling.  However, the debtor should be aware that when a second case is filed within one year of the dismissal of a prior case, the automatic stay—which, among other things, prevents a mortgage holder from foreclosing—expires after 30 days unless, prior to the running of the 30-day period, the debtor files, and the court grants, a motion extending the automatic stay. *See* § 362(c)(2)(B), Bankruptcy Code.

## O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The request (Doc. # 5) by the debtor for deferment of the credit counseling requirement is denied.

2. This case is dismissed.

2

        3.  The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____                    _____
                                                          Stephen S. Mitchell
Alexandria, Virginia                                 United States Bankruptcy Judge

Copies to:

Dayna Ranelle Burnsworth
11603 Brookway Court
Lake Ridge, VA  22192
Debtor *pro se*

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee